JOHN R. ROBERTS
Bankruptcy Trustee
Court@Bankruptcy-info.com
P.O. Box 1506
Placerville, CA 95667-1506
(530) 626-6441

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. **12-35535-D-7** |
| **EDWARD MARK KAUFMAN**<br>**SHERRY LEA KAUFMAN** | |
| | DC NO. **JRR-1** |
| Debtor(s).<br>_____/ | DATE: **JUNE 5, 2013**<br>TIME: **10:00 A.M.**<br>COURTROOM: **34** |

**TRUSTEE'S MOTION FOR SALE OF REAL PROPERTY**
**11 U.S.C. § 363(b)**

The Motion of JOHN R. ROBERTS, as Trustee of the estate of the above-named debtor, respectfully represents:

1. That movant is the duly elected, qualified and acting Trustee of the estate of the above-named debtor(s).

2. That movant has, as such Trustee, possession of the following asset belonging to the debtor(s)' estate:

> **Single Family Residence commonly known as**
> **3183 Hopscotch Way, Roseville, CA 95747**
> **APN: 482-040-033-000**
> Hereinafter "Property"

3. The Trustee has received an offer from Aldea Homes Inc. and TKR Properties LLC, no relationship to the debtor, to buy the Property for the sum of

1

$345,400.00, cash as evidenced by the Residential Purchase Agreement and Joint Escrow Instructions attached to the Exhibits and marked as **Exhibit "A"**.

4. That it is in the best interest of the estate that said Property be sold in that it will generate cash for the estate and said sale is for the fair market value. Given that the sale is subject to overbids, it is anticipated that the Trustee will receive the best and highest value for the Property and therefore the proposed sale price of the Property is fair and reasonable. If the Sale Motion is not approved, the Estate will lose all potential benefit from the Property because this is a short sale and there is no available equity in the Property, and the agreed upon buyer's premium fee of at least $21,600.00 for the benefit of the Estate will be lost.

5. The Trustee believes that it would be in the best interest of the Estate and its creditors to sell the Property. The benefits to the Estate, as set forth above, are tremendous due to the funds to be generated from the sale that are anticipated to pay a meaningful distribution to the timely filed unsecured creditor claims. If the Sale Motion is not approved, the Estate will not receive the sale proceeds and will likely lose the Aldea Homes Inc. and TKR Properties LLC Offer. The Trustee does not want to lose this beneficial business opportunity. Thus, the Trustee has made a business decision that it is in the best interest of the creditors of the Estate that this Sale Motion be approved.

6. An escrow has been opened at FIDELITY NATIONAL TITLE CO, escrow number 6081300256 and a $5,000.00 deposit has been placed with said title company.

7. Liens recorded against the property will be paid in an amount agreed upon by the lien holders. Lien holders will provide FIDELITY NATIONAL TITLE CO with a Satisfaction of Lien that will be recorded through the escrow. Trustee has reviewed the Preliminary Title Report and has accounted for all recorded liens. A copy of the Preliminary Title Report is attached to the Exhibits and marked as **Exhibit "B".**

8. Aurora Bank FSB, as assignee for Mortage Electronic Registration Systems Inc, solely as nominee for American Mortagage Network, Inc., A Delaware

Corporation holds a first deed of trust on the Property and Trustee is proposing to pay the sum of $316,887.79 in full satisfaction of the obligation.

9. Wells Fargo Bank, N.A. as assignee for Mortgage Electronic Registration Systems, Inc. ("MERS") holds a second deed of trust on the Property and Trustee is proposing to pay the sum of $5,000.00 in full satisfaction of the obligation.

10. Real property taxes and utility liens to the County of Placer will be paid in full.

11. SDREOS - aka - San Diego Realty, Inc. has been employed by this Court to list, market and short sell the Property pursuant to the Court's Order, a copy of which is attached to the Exhibits and marked as **Exhibit "C"**. The listing agreement called for real estate commission to be paid in the sum of six percent (6%) of the sales price, plus a one percent (1%) short sale negotiation fee.

12. Trustee seeks authorization to pay real estate commissions in the amount of five percent (5%) of the purchase price and a one percent (1%) short sale negotiation fee. Through escrow on the sale of the Property, and subject to Bankruptcy Court approval, the Trustee shall pay commissions as follows: SDREOS - aka - San Diego Realty, Inc. $8,635.00, Keller Williams Realty $8,635.00, Wingspan Portfolio Advisors $3,454.00.

13. The usual and customary escrow and title fees will be paid. The bankruptcy estate will receive a net buyer's premium amount of $21,600.00 from the sale. A copy of the estimated closing statement is attached to the exhibits and marked as **Exhibit "D".**

14. The Property is being sold on an "AS IS" basis without warranties of any kind, expressed or implied, being given by the Seller, concerning the condition of the Property or the quality of the title thereto, or any other matters relating to the Property.

15. Buyer is a good faith purchaser pursuant to Bankruptcy Code Section 363(m).

16. The fourteen (14) day stay period of the order approving the sale of the

Property under Federal Rules of Bankruptcy Procedure 6004(h) is requested to be waived.

**WHEREFORE,** based upon the foregoing, the Trustee respectfully submits that good cause exists for granting the Sale Motion and requests that the Court enter an order as follows:

1. Authorizing the Trustee to sell the Property to the Buyer (or Successful Bidder) pursuant to the terms and conditions as set forth in the Residential Purchase Agreement and Joint Escrow Instructions attached to the Exhibits and marked as **Exhibit "A"**.

2. Authorizing the Trustee to sign any and all documents convenient and necessary in pursuit of the sale as set forth above, including but not limited to any and all conveyances contemplated by the sale.

3. Approving the payment of the real estate commissions and short sale negotiation fee in the total amount not to exceed 6% of the purchase price and all other costs associated with the sale.

4. A determination by the Court that the Buyer or Successful Bidder is a good faith purchaser pursuant to Bankruptcy Code Section 363(m).

5. Waiving the fourteen day stay of the order approving the sale of the Property under Federal Rules of Bankruptcy Procedure 6004(h).

6. For such other and further relief as the Court deems just and proper under the circumstances of this case.

DATED: May 1, 2013

/s/ JOHN R. ROBERTS, TRUSTEE
PO Box 1506
Placerville, CA 95667
530-626-6441
court@bankruptcy-info.com
State Bar No. 77919